UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMARCUS MORTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-543-JD-MGG |
| MERIL, et al., | |
| Defendants. | |

OPINION AND ORDER

Demarcus Morton, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Morton alleges that, on April 30, 2022, while housed at the St. Joseph County Jail awaiting trial, he was placed in a holding cell. He was kicking the door and a sergeant asked him to stop. He did not stop. An officer entered the holding cell with his Taser drawn. Morton got on the ground. The Taser was used on his face and back, either by Officer Meril or another officer. He was then put in a restraint chair. While placing Morton in the chair, Lt. McPheason allegedly kicked Morton in the feet. Officer Meril

allegedly yanked Morton's head backwards and placed his fingers over Morton's neck in a manner that made it difficult for him to breath. Officer Meril let go briefly and Morton said he could not breath, but Officer Meril did it again. Morton has sued Officer Meril, Lt. McPheason, and the St. Joseph County Jail.

Because Morton was a pretrial detainee at the time of this incident, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397. Here, giving Morton the inferences to which he is entitled at this stage, he has alleged a plausible excessive force claim against Officer Meril and Lt. McPheason.

Morton has also sued the St. Joseph County Jail. The jail, however, is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

For these reasons, the court:

(1) GRANTS Demarcus Morton leave to proceed against Officer Meril and Lt. McPheason in their individual capacities for compensatory and punitive damages for

using excessive force against Morton on April 30, 2022, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES the St. Joseph County Jail;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Meril and Lt. McPheason at the St. Joseph County Sheriff's Department, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS St. Joseph County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Meril and Lt. McPherson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 8, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT